**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOBO JAIMES-CORNEJO, | No. 13-73426 |
| Petitioner, | Agency No. A070-129-946 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted January 20, 2016 [**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Jacobo Jaimes-Cornejo, a native and citizen of Mexico, petitions for review

of the Department of Homeland Security's ("DHS") April 24, 2013, order

reinstating his 2002 order of removal. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review de novo constitutional claims, but our review is otherwise

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136-37 (9th Cir. 2008). We deny in part, and dismiss in part, the petition for review.

The DHS did not err in issuing Jaimes-Cornejo's reinstatement order, where the record shows, and Jaimes-Cornejo does not meaningfully contest, that he is an alien, he was subject to a prior order of removal in 2002, and he illegally reentered subsequent to that order. *See Garcia de Rincon,* 539 F.3d at 1137 (our jurisdiction is limited to reviewing "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date").

The record does not support Jaimes-Cornejo's contention that his reinstatement order is invalid due to the DHS's failure to consider the government's decision to dismiss criminal charges against him. *Cf. Villa-Anguiano v. Holder*, 727 F.3d 873, 880 (9th Cir. 2013) (where "a district court finds constitutional infirmities in the prior removal proceedings []

2                                                                          13-73426

invalidate[d] the prior removal for purposes of criminal prosecution, the agency cannot simply rely on a pre-prosecution determination to reinstate the prior removal order."). Nor does the record support Jaimes-Cornejo's contention that the DHS failed to consider documents in the administrative record, including those supplemented by the government and marked as "Received" by the DHS during the pendency of reinstatement proceedings. *See Kohli v. Gonzales,* 473 F.3d 1061, 1068 (9th Cir. 2007) (applying a presumption of regularity regarding the official acts of public officers).

To the extent that Jaimes-Cornejo raises a procedural due process challenge regarding an initial clerical error in his 2013 Notice of Intent / Decision to Reinstate Prior Order, he has not established prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Furthermore, Jaimes-Cornejo does not contend that a "gross miscarriage of justice" occurred in connection with his underlying 2002 removal order. *See Garcia de Rincon*, 539 F.3d at 1137-38 (while a petitioner is generally prevented from collaterally attacking an underlying deportation order on constitutional or legal grounds, 8 U.S.C. § 1252(a)(2)(D) permits some measure of review if he can demonstrate a "gross miscarriage of justice" in the underlying proceedings).

Therefore, Jaimes-Cornejo's contentions that the BIA improperly truncated his voluntary departure period in 2002 and that he was unaware that he had lost his appeal to this court in 2005 due to ineffective assistance of counsel are not properly before this court. *See id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-73426